IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HERMAN MONTOYA,**

    **Plaintiff,**

**v.**                                                                                            **CIV 07-0031 JH/RHS**

**BURRO ALLEY CORP., and**
**SANTA FE SCHOOL BOARD,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Santa Fe School Board's ("SFSB") Motion to Dismiss Plaintiff Herman Montoya's Civil Rights Complaint, filed in lieu of an answer, *see* Doc. 7, filed January 29, 2007; and on its Motion to Amend and Supplement its Motion to Dismiss, *see* Doc. 28, filed July 10, 2007.  The Court will allow supplementation and amendment.  But because SFSB has failed to satisfy its legal burden, the Court will deny the amended motion to dismiss.

Montoya brings his civil-rights suit under 42 U.S.C. § 1983.  SFSB's original motion to dismiss, based on FED. R. CIV. P. 12(b)(6), consists of nothing more than three sentences making conclusory statements that are unsupported by any analysis or legal authority.  *See* Doc. 7 at 1.  Such briefing does not satisfy our rules requiring that a motion "must cite authority in support of the legal positions advanced," D.N.M. LR 7.4, nor does it satisfy SFSB's burden of showing that, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, Montoya has not alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, ___ U.S.___, 127 S. Ct. 1955, 1974  (2007); *MacArthur v. San Juan County*, ___ F.3d ___, 2007 WL 2045456, *5 (10th Cir. 2007) (discussing new standard).

The amendment and supplementation prepared by SFSB's successor counsel also does not establish a basis for dismissal. Montoya alleges that SFSB "surveyed and sold my property to Burro Alley properties without compensating me. . . . I am the owner having recorded deed and paying the taxes." Complaint at 3. Montoya asserts that Burro Alley[1] "was given" the property in a state-court quiet-title suit over ownership of the land. *See id.* at 4. Montoya requests damages for the loss of his property. *See id.* at 5.

Citing only two state-law property cases that stand for the proposition that a quitclaim deed conveys only such title or interest a party actually possesses, SFSB asserts that Montoya cannot establish a Fifth or Fourteenth Amendment takings claim solely because SFSB sold the property to Burro Alley using a quit-claim deed. *See* Def.'s Amended Motion at 1. SFSB posits that, if Montoya is correct that he, and not SFSB, actually owned the land that SFSB sold, "then SF[SB] would have conveyed nothing to Burro Alley." *Id.* at 2. This argument totally misses the point that Montoya claimed to be the property's legal owner when SFSB also claimed at least some title and interest to the property that it conveyed to Burro Alley, and that Burro Alley is now, in fact, deemed to be the legal owner of that property, instead of Montoya. SFSB's conveyance of ownership of the land to Burro Alley was, therefore, indeed effective. Montoya is seeking damages because he claims SFSB failed to pay him for the land that it claimed title to and effectively sold.

Contrary to SFSB's contention that Montoya did not respond to its earlier motion to dismiss, *see* Doc. 24 at 1, Montoya timely submitted a response, attaching exhibits indicating that Montoya had an ownership interest in the property, and again contending that SFSB took that property and

---

[1] The Court notes that Montoya has sued Burro Alley Corp. but that the property was actually conveyed to Burro Alley Partners, Ltd. *See* Def.'s Supplemented Mot. to Dismiss, Att. 1; Pl.'s Resp., Ex. A.

sold it without paying him.  *See* Doc. 11.  Montoya's allegations in his complaint are sufficient to state a plausible claim at this stage of the proceedings.  The Court concludes that SFSB has not met its burden to establish that it is entitled to dismissal of the action.

**IT IS ORDERED** that Defendant SFSB's  Motion to Amend or Supplement its Motion to Dismiss (Doc. 28) is **GRANTED**, but that its Motion to Dismiss (Doc. 7), as supplemented, is **DENIED**.

Dated this 10th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE

*Attorney for Plaintiff:*
 Herman Montoya, *Pro Se*
 27100 1-25 East Frontage Rd.
 Santa Fe, NM 87508

*Attorneys for Defendant SFSB:*
 John F. Kennedy
 Melissa Wurtzel O'Shea
 Cuddy, Kennedy, Albetta & Ives, LLC

*Attorneys for Defendant Burro Alley*
 Frank T. Herdman
 Shelby E. Robinson
 Rubin Katz Law Firm, PC